UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| DARRIN LaPINE, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:06-cv-249 |
| ) | |
| v. ) | Honorable Richard Alan Enslen |
| ) | |
| JOHN RUBITSCHUN, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff originally filed his action in the Eastern District of Michigan. Defendants moved to transfer the case because venue is proper in this District. The court granted the motion and transferred the case to this Court on April 13, 2006. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. The Court must read Plaintiff's *pro se* Complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's Complaint because Defendants are immune or Plaintiff fails to state a claim against them.

**Discussion**

    I.        Factual allegations

Plaintiff is incarcerated in the Macomb Correctional Facility. He pled guilty in the Chippewa County Circuit Court to breaking and entering a building with intent to commit larceny, burning real property and assault with intent to commit great bodily harm (Case No. 98-66811-FH). The trial court sentenced him on February 14, 2000, to prison terms of two to ten years, one to ten years and forty-two months to ten years, respectively. Plaintiff subsequently was convicted in the Chippewa County Circuit Court of two counts of assault with intent to commit great bodily harm less than murder and possession of a firearm during the commission of a felony (Case No. 99-68061-FH). He was sentenced on July 2, 2001, to imprisonment of thirty-eight months to ten years and fifty-eight months to ten years for the assault convictions, and two years for the felony-firearm conviction.

    The instant action concerns the denial of Plaintiff's parole by the Michigan Parole Board. In his *pro se* Complaint, Plaintiff sues parole board chairman John Rubitschun; parole board members James Atterberry and Marianne Samper; the Michigan Parole Board and the Michigan Department of Corrections ("MDOC").[1] Plaintiff claims that he was interviewed by Defendant Atterberry on December 5, 2005, although the interview had been scheduled for December 6, 2005. As a result, Plaintiff's representative was not present for the interview. *See* MICH. COMP. LAWS § 791.235(6) (a prisoner may be represented by an individual of his or her choice during the parole interview). During the interview, Plaintiff raised a number of inaccuracies in the parole evaluation report and the parole guideline score sheet. According to Plaintiff, Defendant Atterberry indicated

---

[1] Plaintiff has filed a "Motion to Amend Heading on Pleading" and a "Motion to Addendum Documents to Complaint and Review." Plaintiff's motions are granted. The Court has considered his amendment and addendum in reviewing his Complaint.

that he was not concerned with the inaccuracies. The parole board issued a Notice of Decision denying Plaintiff's parole on December 19, 2005. The notice was signed by Defendants Atterberry and Samper.

Plaintiff claims that Defendants relied upon false and inaccurate information in denying his parole in violation of his due process rights. He also claims that because the parole hearing was not held on the scheduled date, he was denied the opportunity to have a representative present at his hearing in violation of MICH. COMP. LAWS § 791.235(6). Plaintiff seeks declaratory relief, as well as a preliminary and permanent injunction preventing Defendants from violating his constitutional rights in future parole board proceedings.

## II. Immunity

Plaintiff may not maintain a § 1983 action against the Michigan Parole Board or the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g., Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v.*

*Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987). In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). As part of the MDOC, the Michigan Parole Board also is entitled to Eleventh Amendment immunity. *See Fleming v. Martin*, No. 01-1422, 2001 WL 1176354 (6th Cir. Sept. 26, 2001) (Michigan Parole Board entitled to Eleventh Amendment immunity); *Carson v. Parole Bd.*, No. 88-1277, 1988 WL 79688 (6th Cir. July 27, 1988) (same). Accordingly, the MDOC and the Michigan Parole Board are subject to dismissal on immunity grounds.

The remaining Defendants named in this civil rights action are members of the Michigan Parole Board. Members of a parole board have absolute immunity from damages liability for actions taken in the performance of their duties regarding the decision to grant or deny parole because that task is functionally comparable to that of a judge. *Hawkins v. Morse*, No. 98-2062, 1999 WL 1023780, at *1 (6th Cir. Nov. 4, 1999); *Tillman v. Price*, No. 96-2032, 1997 WL 225993, at *1 (6th Cir. May 5, 1997); *Ward v. Moss*, No. 94-1417, 1994 WL 664948, at *1 (6th Cir. Nov. 23, 1994); *accord Scotto v. Almenas*, 143 F.3d 105, 110 (2d Cir. 1998); *Wilson v. Kelkhoff*, 86 F.3d 1438, 1444 (7th Cir. 1996); *Anton v. Getty*, 78 F.3d 393, 396 (8th Cir. 1996); *Little v. Bd. of Pardons & Parole Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (per curiam); *Russ v. Uppah*, 972 F.2d 300, 303 (10th Cir. 1992). Plaintiff, however, may maintain an action for non-monetary relief against members of the parole board. As set forth below, Plaintiff fails to state a claim upon which any form of relief may be granted.

III.   Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendants relied upon false and inaccurate information in denying his parole in violation of his due process rights. Plaintiff fails to raise a claim of constitutional magnitude because he has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so, and thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.*; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan procedural authorities to deny parole," has held

that the Michigan system does not create a liberty interest in parole. Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's parole scheme creates no liberty interest in being released on parole. *See Ward v. Stegall*, No. 03-1804, 2004 WL 614581 (6th Cir. Mar. 24, 2004); *Bullock v. McGinnis*, No. 00-1591, 2001 WL 180978, at *2 (6th Cir. Feb. 14, 2001); *Turnboe*, 2000 WL 1679478, at *1; *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Mich. Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999).

Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Mich. Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993). Finally, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999). Because Plaintiff has no liberty interest at stake, he fails to state a claim for a violation of his procedural due process rights.

Plaintiff also claims that he was denied his right under MICH. COMP. LAWS § 791.235(6) to have his representative present for the parole hearing because it was not held on the scheduled day. Plaintiff's claim is based upon a violation of state law. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton*, 27 F.3d at 1166 (6th Cir. 1994). To the extent that Plaintiff's Complaint presents

allegations under state law, this Court declines to exercise jurisdiction. The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *1-2 (6th Cir. June 18, 1998).

## **Conclusion**

Having conducted the review now required by the PLRA, the Court determines that Plaintiff's action must be dismissed pursuant to 28 U.S.C. § 1915A, because Defendants are immune or Plaintiff fails to state a claim against them.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
    May 8, 2006  RICHARD ALAN ENSLEN
    SENIOR UNITED STATES DISTRICT JUDGE