UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LaPINE,

        Plaintiff,

v.

JAMES RUBITSCHUN, *et al.*,

        Defendants.

_____/

Case No. 1:06-CV-249

Hon. Richard Alan Enslen

**ORDER**

This matter is before the Court on Plaintiff Darrin LaPine's Motion for Reconsideration of the Court's May 8, 2006 Opinion and Judgment ("Ruling"), wherein the Court dismissed Plaintiff's federal claims and declined to exercise supplemental jurisdiction over his remaining state law claims. In his Motion for Reconsideration, Plaintiff asserts two points of error. To wit, that venue should not have been transferred to this judicial district from the United States District Court for the Eastern District of Michigan and this Court's Ruling was erroneous in light of the Supreme Court's decision in *Wilkinson v. Dotson*, 544 U.S. 74 (2005).

To prevail on the instant Motion, Plaintiff must not only demonstrate that the Court's Ruling suffers from a palpable defect, but must also show that a different result is manifest. W.D. MICH. LCIVR 7.4(a). "[M]otions for reconsideration that merely present the same issues ruled upon by the Court shall not be granted." *Id.*

Concerning Plaintiff's belief that venue in this judicial district is improper, Plaintiff suggests that because the triggering events giving rise to his lawsuit occurred in the Eastern District of

Michigan, venue is proper there.[1]  The Court disagrees.  A civil action premised on federal question jurisdiction may be brought in a judicial district where any defendant resides, if all the defendants reside in the same state.  28 U.S.C. § 1391(b).  In this case, all Defendants reside in Ingham County, Michigan, in the Western District of Michigan.  Title 28 of the United States Code further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Because all Defendants in this action reside in the Western District of Michigan, the Court sees no reason to quarrel with the transferring court's discretionary decision to transfer venue to this judicial district.

Turning to Plaintiff's belief that the Supreme Court's decision in *Wilkinson* controls his claims, the Court once again disagrees with Plaintiff's contention.  In *Wilkinson*, the Supreme Court found that prisoners could challenge the constitutionality of state parole systems under section 1983 and were not were not required to instead seek relief exclusively under the *habeas corpus* statutes.  *Wilkinson*, 544 U.S. at 82.  The Court held that as long as a prisoner's challenge of the state's parole system would not necessarily spell speedier release from prison or otherwise impugn their conviction, a section 1983 claim was available.  *Id.*

In this case, the Court dismissed Plaintiff's claimed deprivation of due process because he failed to articulate a constitutionally recognized liberty interest.  Plaintiff never challenged the constitutionality of Michigan's parole system.  Rather, Plaintiff has alleged that the individually

---

[1] Plaintiff also states that he never received a copy of the Eastern District's transfer order.  The Court observes that this Order was entered on April 11, 2006.

named Defendants within that system denied him due process.² Accordingly, the Supreme Court's decision in *Wilkinson* has no bearing on Plaintiff's dismissal.

It is well settled that a liberty interest in parole may only be created when state law entitles an inmate to be released on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991). Michigan law does not entitle inmates to early release and does not create a liberty interest in parole. *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994); *see also Caldwell v. McNutt*, 158 Fed. Appx. 739, 740-41 (6th Cir. 2006) (citing *Sweeton*). Because Plaintiff has not demonstrated that the Court's Ruling suffers from a palpable defect nor shown that a different result is manifest, the Court will deny his Motion for Reconsideration.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Darrin LaPine's Motion for Reconsideration (Dkt. No. 32) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall serve a copy of the United States District Court for the Eastern District of Michigan's Order Transferring Venue (Dkt. No. 17) on Plaintiff at the correctional institute where he currently resides.

DATED in Kalamazoo, MI:  
    June 12, 2006

    /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE

---

² Plaintiff also named the Michigan Department of Corrections and the Michigan Parole Board as Defendants. Those Defendants were dismissed as being immune from suit. *See* U.S. CONST. amend XI.